UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 8, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Elizabeth T. v. Kilolo Kijakazi, Acting Comm'r, Soc. Sec. Admin.*
      Civil No. 21-1046-BAH

Dear Counsel:

On April 29, 2021, Plaintiff Elizabeth T. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for disability insurance benefits and supplemental security income. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 12, 16, 17, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision. This letter explains why.

I.   **BACKGROUND**

Plaintiff filed a Title II application for a period of disability/disability insurance benefits ("DIB") on February 19, 2019, alleging a disability onset of December 20, 2017. Tr. 254–57. Plaintiff also filed a Title XVI application for social security insurance ("SSI") benefits on the same date, alleging a disability onset date of June 27, 2014. Tr. 258–63. Plaintiff's claims were denied initially, Tr. 140–49, and on reconsideration, Tr. 154–56. On March 13, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 173–74. That hearing was held on October 28, 2020. Tr. 39–70. On November 24, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 14–38. The Appeals Council denied Plaintiff's request for review, Tr. 3–5, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ employed the five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 20, 2017. Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis of the bilateral knees and status-post torn meniscus of the right knee, degenerative disc disease of the lumbar spine, plantar fasciitis of the left foot, obesity, depression, anxiety and post-traumatic stress disorder ("PTSD"). . . ." Tr. 19–20. At step three, the ALJ determined that Plaintiff "does not

*Elizabeth T. v. Kilolo Kijakazi, Acting Comm'r, Soc. Sec. Admin.*
Civil No. 21-1046-BAH
July 8, 2022
Page 2

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. Despite Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally stand, walk, climb ramps and stairs, balance, stoop, kneel, crouch, crawl, or use foot controls bilaterally. She can tolerate occasional exposure to temperature extremes, vibration, concentrated dusts, fumes, or gases, work at unprotected heights, or contact with moving mechanical parts. She can maintain concentration, persistence, or pace for 2-hour segments sufficient to perform routine tasks associated with unskilled work with an SVP of 1 or 2.

Tr. 24. At step four, the ALJ determined that Plaintiff was not able to perform past relevant work. Tr. 31. However, the ALJ found at step five that Plaintiff could perform other jobs that existed in significant numbers in the national economy, namely "Cashier II," "Marker," and "Routing Clerk." Tr. 32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 33. Plaintiff appealed.

## II.  ANALYSIS

Plaintiff's arguments center on whether the ALJ properly considered evidence in the record that "Plaintiff cannot sit for prolonged periods without experiencing pain." Pl.'s Mem. Supp. Mot. Summ. J. 13, ECF 16-1 [hereinafter "Pl.'s Br."]. Plaintiff cites to this evidence, likens the instant case to *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388–89 (4th Cir. 2021), and argues that "the ALJ never mentioned or evaluated Plaintiff's alleged sitting problems when determining the RFC." *Id.* Had the ALJ properly evaluated Plaintiff's problems sitting, Plaintiff alleges that her RFC would have been further limited and may have precluded work. *Id.* at 18–19. Plaintiff also alleges that the vocational expert ("VE") "confused" different RFC limitations by utilizing a "sit-stand option" for the hypothetical questions instead of "specifying the frequency with which Plaintiff needs to alternate positions between sitting and standing." Pl. Br. 17, ECF 16-1.

Defendant responds that the "ALJ adequately discussed the evidence, and substantial evidence supports the ALJ's conclusion that Plaintiff could perform the sitting demands of a reduced range of light work." Def.'s Mem. Supp. Mot. Summ. J. 5, ECF 17-1 [hereinafter "Def.'s Br."]. As to the question of whether the VE "confused" Plaintiff's limitation, Defendant responds that "this Court has recognized that a 'sit/stand option,' without elaboration, allows for sitting and standing at will, and that the use of the unelaborated phrasing 'sit/stand option' is not error." *Id.* at 9 (citing *Ayres v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-14-2062, 2015 WL 1567777, at *1 (D. Md. Apr. 7, 2015)). "Thus," Defendant contends, "to the extent that a sit-stand option is involved at all, the ALJ was not required to provide more detailed specification regarding it." *Id.*

The RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "Only after that may [the RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and

very heavy." *Id.* "In performing this assessment, an ALJ 'must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). "In other words, the ALJ must both identify evidence that supports [their] conclusion and 'build an accurate and logical bridge from [that] evidence to [their] conclusion.'" *Id.* (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).

Here, the ALJ determined that Plaintiff can "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally stand, walk, climb ramps and stairs, balance, stoop, kneel, crouch, crawl, or use foot controls bilaterally." Tr. 24. The ALJ also considered Plaintiff's self-reported limitations on sitting and standing by noting that "the vocational expert explained that the limitation to light work" included a restriction allowing for "occasional standing and walking," which the VE and ALJ agreed "is similar to a sit-stand option . . . ." Tr. 32. Thus, the ALJ was careful to ensure that the hypotheticals posed to the VE included a "sit/stand option" and only included possible jobs that allowed Plaintiff to either sit or stand throughout the workday. Tr. 64 ("With the limitation standing and walking, I'll treat that as needing to have the ability to be able to sit or stand during the workday."); Tr. 65 ("Based on the hypothetical, there were, as I addressed, with the limitations on, on standing, walking, sitting."). Neither the VE nor Plaintiff's counsel objected to the limitations or asked any clarifying questions. As such, it appears that the questions posed allowed for sitting or standing at will. *See Ayres*, 2015 WL 1567777, at *1. Far from ignoring Plaintiff's limitations, the "at will" sit-stand option comports with Plaintiff's own description of Plaintiff's limitations. Tr. 53 (memorializing that Plaintiff testified that Plaintiff can sit "anywhere from 30 minutes" and stand "30 minutes at the most" before needing to sit, thus supporting the sit-stand option provided). Accordingly, there is no basis to conclude that Plaintiff is unable to fulfill the requirements of the jobs identified by the VE. *Ayers*, 2015 WL 1567777 at *1. Since the finding that Plaintiff can perform those jobs is supported by substantial evidence, I do not find a cognizable basis to upset the ALJ's decision.

I also do not find this case to be similar to *Dowling*. In *Dowling*, the Fourth Circuit found error in an ALJ's RFC assessment because the ALJ failed to engage in a "function by function" analysis as required by controlling precedent. *Dowling*, 986 F.3d at 388 (citing *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), as amended (Feb. 22, 2019)). Unlike *Dowling*, the ALJ here engaged in a lengthy "three step process" by considering all of Plaintiff's impairments, providing a sufficient narrative discussion regarding each, and making a finding as to the Plaintiff's RFC. Tr. 24–31. Further, the ALJ in *Dowling* erred by ignoring significant evidence related to the *Dowling* claimant's limitation on sitting and instead erroneously "conclud[ing] that [the *Dowling* claimant] was not restricted in her ability to sit[.]" *Dowling*, 986 F.3d at 388. To the contrary, the ALJ here expressly recognized Plaintiff's issues with sitting by ensuring that VE's hypothetical (and the examples of representative occupations in the national economy) included a "sit-stand option." Tr. 32.

I similarly cannot conclude that the VE "confused" limitations by failing "to specify the frequency with which Plaintiff needs to alternate positions between sitting and standing." Pl.'s Br.

*Elizabeth T. v. Kilolo Kijakazi, Acting Comm'r, Soc. Sec. Admin.*
Civil No. 21-1046-BAH
July 8, 2022
Page 4

17, ECF 16-1. Plaintiff described Plaintiff's own limitations as requiring the need to sit or stand at will. This is precisely the type of limitation included in the VE's hypothetical, which resulted in the listing of potential jobs that included a sit-stand option.[1] As noted, the hypothetical as posed by the ALJ garnered no objection or request for clarification at the hearing. I do not find confusion nor error in the question and cannot conclude that the ALJ erred in relying on it.

### III.  CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 16, is DENIED and Defendant's Motion for Summary Judgment, ECF 17, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

          Sincerely,

          /s/

          Brendan A. Hurson
          United States Magistrate Judge

---

[1] Plaintiff relies on SSR 96-9p to support this argument. Pl.'s Br. 17, ECF 16-1. However, it bears noting that "[t]echnically, SSR 96-9p applies only in the case of sedentary work, not light work," which the ALJ found Plaintiff capable of performing here. *Phillip A. D. v. Kijakazi*, No. 19-CV-0163-CVE-JFJ, 2021 WL 3487095, at *7 (N.D. Okla. Aug. 9, 2021). Moreover, SSR 96-9p is explicit in noting that "[t]he fact that an individual cannot do the sitting required to perform the full range of sedentary work does not necessarily mean that he or she cannot perform other work at a higher exertional level." SSR 96-9p, 1996 WL 374185, at *7 (Jul. 2, 1996).